Emigrant Bank v Virgo Inv. Group LLC (2022 NY Slip Op 07148)

Emigrant Bank v Virgo Inv. Group LLC

2022 NY Slip Op 07148

Decided on December 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 15, 2022

Before: Acosta, P.J., Kern, Singh, Scarpulla, Pitt-Burke, JJ. 

Index No. 654350/21 Appeal No. 16753 Case No. 2022-01054 

[*1]Emigrant Bank et al., Plaintiffs-Appellants,
v
Virgo Investment Group LLC, et al., Defendants-Respondents.

Quinn Emanuel Urquhart & Sullivan, LLP, New York (Gary E. Gans of counsel), for appellants.
Allen & Overy LLP, New York (Emanuel C. Grillo of counsel), for respondents.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered February 9, 2022, which granted defendants' motion to dismiss the complaint for lack of standing, unanimously affirmed, with costs.
Plaintiffs are two lenders that entered an Amended Loan Agreement (Loan Agreement) with nonparty Old Alchemy (Debtor). Defendants are not parties to the Loan Agreement.
Under the Loan Agreement, plaintiffs established a $59.5 million credit facility, and irrevocably appointed nonparty SunTrust as the Administrative Agent for the lenders. As relevant to this appeal, the Administrative Agent was expressly authorized to act after the occurrence of an Event of Default under the Loan Agreement. The Loan Agreement also specifically provided that the Administrative Agent had sole authority to bring certain claims upon an Event of Default. Debtor subsequently defaulted under the Loan Agreement, and plaintiffs seek to pursue causes of action against defendants under the theory that they are the "alter ego" of Debtor.
The motion court properly dismissed this action based on clear and unambiguous language in the loan documents preventing individual lenders from suing under the Loan Agreement. Section 9.13 of the Loan Agreement provides that "no Lender shall have any right individually to realize upon any of the Collateral or to enforce the Collateral Documents, it being understood and agreed that all powers, rights and remedies hereunder and under the Collateral Documents may be exercised solely by the Administrative Agent . . . ." This provision's broad grant of authority evinces the clear intention to establish an unequivocal collective design, which prohibits lenders, such as plaintiffs, from acting unilaterally (see Beal Sav. Bank v Sommer, 8 NY3d 318, 329 [2007]).
As plaintiffs conceded before the motion court, and explained in the decision on appeal, the allegations that defendant is acting as the "alter ego" of the Debtor are necessary to pursue the claims in this action. Plaintiffs' attempt to recover on loans outside of the terms of the Loan Agreement through the assertion of tort claims against defendant. However, plaintiffs lack standing to bring the instant tort claims against defendants, because Section 8.1 of the Loan Agreement broadly conferred the Administrative Agent with the power to "exercise any . . . remedies available at law or in equity" in an Event of Default.
Contrary to plaintiffs' assertion, Section 10.2 of the Loan Agreement does not permit them to avoid other provisions of the Loan Agreement that are directly applicable to them (see Beal, 8 NY3d at 329 [cumulative remedies provision did not permit the lenders to avoid other provisions of the credit agreement that were applicable to them]).
We have considered plaintiffs' remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2022